UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
KNOXVILLE DIVISION

JOHN GLEN JOHNSON,

                  Plaintiff,

-vs-

APPFOLIO, INC.,

                  Defendant.

Case No.: 3:19-cv-114

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff John Glen Johnson ("Plaintiff"), by and through his attorneys, brings the following Complaint against AppFolio, Inc. ("Defendant" or "AppFolio") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*., arising out of a tenant screening background check that erroneously portrayed Plaintiff as a serial criminal and felon.

## THE PARTIES

1. Plaintiff John Glen Johnson is an individual person residing in the City of Knoxville, County of Knox, and State of Tennessee.

2. Defendant AppFolio, Inc. is a Delaware corporation doing business throughout the United States, including in Knoxville, Tennessee, and has a principal place of business located at 50 Castilian Drive, Goleta, California 93117.

3. According to its website, Defendant is a multinational provider of tenant screening products for commercial and residential property managers, which includes prospective tenants' credit, eviction, and criminal histories. *See* Screening Applicant with AppFolio Property Manager, https://www.appfolio.com/blog/2012/03/screening-applicants-with-appfolio-property-manager/ (site last visited April 5, 2019).

4. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in whole or in part in the practice of assembling

1

and/or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

5. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allow claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

8. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, and regulates tenant screening background checks like the one procured on Plaintiff.

9. The FCRA provides a number of protections for housing applicants who are subjected to background checks.

10. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks like AppFolio are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

2

11. The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

12. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTS

### Plaintiff's Inaccurate Tenant Screening Report

13. Between the months of December 2017 and February 2018, Plaintiff and his wife, Luella Johnson ("Mrs. Johnson"), sought to rent an apartment in the greater Knoxville, Tennessee area.

14. On February 1, 2018, Plaintiff submitted a housing application in writing for a rental unit at John Sevier Townhouses, located at 3110-3138 E Governor John Sevier Highway, Knoxville, TN 37914.

15. Plaintiff's housing application was handled by Brun Property Management, LLC.

16. Brun Property Management contracted with AppFolio to provide tenant screening reports, i.e., background checks, on prospective tenants used to determine whether a prospective tenant was eligible to rent a unit at John Sevier Townhouses.

17. On February 1, 2018, Brun Property Management obtained a consumer report on Plaintiff from AppFolio, in the form of a Tenant Screening Report ("the Report"), which included a credit summary, rent payment summary, landlord-tenant disputes, and criminal records.

18. The Report was a consumer report regulated by the FCRA.

19. The "Criminal Search" section of the Report listed the following seven felony criminal conviction records from Pierce County, Washington, belonging to a "John Johnson, DOB: 03/14/1965," and reported as follows:

1. DATE: 10/23/1985; OFFENSE: BURGLARY 2
2. DATE: 05/27/1988; OFFENSE: DRUG VIOLATIONS:DRUGS-MFG, DELIVER, POSS.
3. DATE: 05/27/1988; OFFENSE: BURGLARY 2
4. DATE: 07/31/1995; OFFENSE: BURGLARY 2:RESIDENTIAL BURGLARY
5. DATE: 06/22/1998; OFFENSE: OTHER FELONY:WLFL FAIL RET FR W/R
6. DATE: 03/30/2001; OFFENSE: RAPE 1
7. DATE: 03/30/2001; OFFENSE: OTHER FELONY:MANDATORY.

20. **None** of these convictions belong to Plaintiff.

21. A cursory review of court records shows that the records belong to a Caucasian male named Clint Troy Garrison, who is listed in public records as having used the alias of John Johnson.

22. Clint Troy Garrison has an extensive history with the Washington State Department of Corrections dating back to 1985, and has been convicted of numerous criminal offenses, including felony offenses, in Pierce County, Washington.

23. AppFolio made the erroneous match between Plaintiff and Clint Troy Garrison, despite the fact that: (i) Plaintiff has lived in neither Pierce County, Washington nor the state of Washington; (ii) between the years of 1985-1987, Plaintiff was in the Navy and stationed in

Jacksonville, Florida, which is 3,012 miles from Pierce County, Washington; (iii) between the years of 1987-2012, Plaintiff lived in Knoxville, Tennessee, which is 2,597 miles from Pierce County, Washington; (iv) Plaintiff has never been convicted of a felony in Pierce County, Washington, or in any other county in the United States; (v) Plaintiff used his middle name of Glen or a middle initial "G" in any public records he completed and no middle name or middle initial appears in the criminal records for "John Johnson" by which AppFolio made the match with Plaintiff; and (vi) the individual to whom Plaintiff was matched is not even named John Johnson. He is named Clint Troy Garrison, and used John Johnson *as an alias*.

24. On or about February 1, 2018, John Sevier Townhouses determined that Plaintiff was ineligible for tenancy using the Report prepared by AppFolio.

25. Sometime after February 1, 2018, Mrs. Johnson received a telephone call from a representative of John Sevier Townhouses, Gary McMahan ("Mr. McMahan") who informed her that he had received a Report in Plaintiff's name that contained seven serious and violent felony convictions in Pierce County, Washington.

26. Mr. McMahan requested that Plaintiff and Mrs. Johnson come into the leasing office at John Sevier Townhouses to discuss the information contained in the Report in further detail.

27. Shortly thereafter, Mr. McMahan informed Plaintiff and Mrs. Johnson that John Sevier Townhouses denied the application for housing due to the seven serious and violent felony convictions in Pierce County, Washington, which were contained in the Report.

28. Plaintiff, who had yet to receive a copy of the Report, asked if he could have a copy of the Report for his review. Mr. McMahan hesitantly provided Plaintiff with two of the six pages of the Report AppFolio provided to John Sevier Townhouses and mentioned that Plaintiff might

want to contact someone to dispute the criminal history information reporting, if in fact it did not belong to him.

29. Plaintiff told Mr. McMahan that he had never been charged with or convicted of a crime in Pierce County, Washington.

30. On October 2, 2018, with the assistance of counsel, Plaintiff sent a 15 U.S.C. § 1681g file request to AppFolio.

31. On November 5, 2018, AppFolio responded to Plaintiff's 15 U.S.C. § 1681g file request and stated that, per AppFolio's standard procedure when receiving such requests, it reviewed items appearing on Plaintiff's tenant screening report and reinvestigated the items appearing therein. Based on AppFolio's review, it informed Plaintiff that it revised the information contained within his original report and removed the inaccurate criminal records reported therein. AppFolio attached the original inaccurate reported prepared on February 1, 2018, and the now accurate report, which was updated on October 26, 2018.

32. It was not until November 5, 2018, that Plaintiff received a full copy of the erroneous Report, and an updated copy of the Report dated October 26, 2018, wherein AppFolio had removed Clint Troy Garrison's extensive criminal convictions record.

33. Between the time of the original erroneous Report and the time the Report was ultimately corrected, the rental unit had been filled and was no longer available.

34. As a result of the erroneous information contained within AppFolio's Report, Plaintiff had to move his family, which includes his wife and his nine and eleven year-old nieces, whom he cares for, into his father-in-law's home.

6

Case 3:19-cv-00114-HSM-HBG   Document 1   Filed 04/05/19   Page 6 of 8   PageID #: 6

35. The seven serious and violent felony convictions belonging to Clint Troy Garrison, which were included in AppFolio's Report, were a substantial factor in the denial of Plaintiff's housing application.

36. As a result of AppFolio's conduct, Plaintiff has suffered damages, including the inability to rent the unit he desired, the expenditure of time and money looking for another rental unit and trying to correct AppFolio's erroneous Report; damage to his reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

### CLAIM FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

37. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-36, above.

38. Defendant violated 15 U.S.C. § 1681e(b) by preparing a consumer report relating to Plaintiff without following reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

39. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

41. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant negligently and/or willfully violated the FCRA;

b) Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

42. Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
BPR # 036451
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T: (615) 370.9659
F: (615) 370.4099
E: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff John Glen Johnson*